No. 4836.

(Court of Appeal, Parish of Orleans.)

**EUGENE C. CAUSEY vs. A. B. FRENCH'S SON & CO.**

Richardson & Soule for plaintiff and appellant.

J. K. Bailey for defendant and appellee.

Dinkelspiel, Hart & Davey, attorneys.

DUFOUR, J.—The plaintiff, a resident of Burnside,

La., sues for the purchase price of a lot of staves alleged to have been sold and shipped to defendant, a local stave exporter.

Averring that he had reason to fear, and did fear, that the defendant will make use of their possession of the staves to conceal, part with or dispose of them during the pendency of this suit, he took out a writ of sequestration and caused a seizure of the staves.

The defendant moved to set aside the writ on the ground that the allegation upon which the application for the writ was based were untrue; that the sale was not an absolute one to him, but a mere consignment for export to Liverpool, with a guaranteed price, and that the shipment to Europe was made with the full knowledge and consent of the plaintiff.

The view that we take of the case makes it unnecessary to inquire what the character of the alleged sale was.

Although the plaintiff claims that, under his contract, he was to receive the purchase price before the staves were shipped, the defendant asserts that it was fully understood that he could forward the staves and the draft and that the plaintiff would wait for payment until the return of collection.

His statement was corroborated by the witness and was evidently accepted by the trial Judge.

> "We take it to be the undoubted sense of all the authorities that a sequestration must be dissolved, if the proof administered discloses that in point of fact, the oath of the plaintiff is untrue."

**52 An. 26.**

We are unable to understand how the plaintiff could complain of an act which he had authorized, and make such an act a basis for sequestration.

— 96 —

The judgment appealed from dissolved the writ, but had no reference to the merits.

Judgment affirmed,

December 13, 1909.
Rehearing refused, January 10, 1910.